IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARY E. HEUGLIN, and <br> ANDREA AYRES, <br><br> Plaintiffs, <br><br> v. <br><br> LA-Z-BOY LOGISTICS, INC., LA-Z-BOY, INC., and EARL LYNN PRESLEY <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) No.: 19-986 <br> ) <br> ) <br> ) **Plaintiffs Demand a Jury Trial** <br> ) <br> ) <br> ) |

## COMPLAINT

NOW COME the Plaintiffs, Mary E. Heuglin and Andrea Ayres, by and through counsel, and complaining against the Defendant, LaZ-Boy Logistics, Inc., and complaining of the Defendants, La-Z-Boy Logistics, Inc., La-Z-Boy, Inc., and Earl Lynn Presley, state as follows:

1. The Plaintiffs reside in and are citizens of the State of Kentucky.

2. The Defendant, La-Z-Boy Logistics, Inc. ("La-Z-Boy Logistics"), is a corporation incorporated under the laws of the State of Michigan, has its principal place of business in the State of Tennessee, and is a citizen of the States of Michigan and Tennessee.

3. The Defendant, La-Z-Boy, Inc. ("La-Z-Boy"), is a corporation incorporated under the laws of the State of Michigan, has its principal place of business in the State of Michigan, and is a citizen of the State of Michigan.

4. The Defendant, Earl Lynn Presley ("Presley"), is a citizen of the State of Tennessee.

5. Jurisdiction is proper under 28 U.S.C. § 1332, as complete diversity of citizenship exists between the parties, and the amount in controversy exceeds the sum or value of $75,000.00.

6. The court has pendent jurisdiction over all state claims presented herein pursuant to 2 U.S.C. 1367.

1

7.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

8.  At all relevant times herein, Defendant La-Z-Boy Logistics was subject to the rules and regulations of the United States Department of Transportation and the Federal Motor Carrier Safety Administration, codified in Title 49 of the Code of Federal Regulations, parts 300-399 and related parts.

9.  At all relevant times herein, Defendant Presley was a professional truck driver employed by Defendant La-Z-Boy Logistics.

10. At all relevant times herein, Defendant Presley was driving for and/or on behalf of Defendant La-Z-Boy Logistics.

11. At all relevant times herein, Defendant La-Z-Boy was subject to the rules and regulations of the United States Department of Transportation and the Federal Motor Carrier Safety Administration, codified in Title 49 of the Code of Federal Regulations, parts 300-399 and related parts.

12. At all relevant times herein, Defendant Presley was a professional truck driver employed by Defendant La-Z-Boy.

13. At all relevant times herein, Defendant Presley was driving for and/or on behalf of Defendant La-Z-Boy.

14. At all relevant times herein, Defendant Presley was subject to the rules and regulations of the United States Department of Transportation and the Federal Motor Carrier Safety Administration, codified in Title 49 of the Code of Federal Regulations, parts 300-399 and related parts.

15. On or about August 1, 2018, Plaintiff Heuglin was driving eastbound on US Interstate 64, near mile marker 124 in the right lane.

16. Plaintiff Ayres was a passenger in the vehicle driven by Plaintiff Heuglin on August 1, 2018.

17. At the aforementioned time and place, La-Z-Boy Logistics was the owner of a 2019 International LT265 semi-truck, with DOT number 722979 (hereinafter "Semi Truck"), being driven by its agent and servant, Defendant Presley, eastbound on US Interstate 64 near mile marker 124 in the left lane in White County, Illinois.

18. Plaintiff Heuglin, at all relevant times, was exercising due care for her own safety and that of the passengers in her vehicle.

## COUNT I
## Negligence against Presley

19. The Plaintiffs hereby adopt and re-allege paragraphs 1-18 as though fully set forth herein.

20. At said time and place, it was the duty of the Defendant, Presley, to operate, maintain, and control the Semi Truck in a manner so as not to negligently cause injury to persons lawfully on the public way, including the Plaintiffs, Mary E. Heuglin and Andrea Ayres.

21. Notwithstanding the foregoing duty, the Defendant, Presley, did operate, maintain, and control the Semi Truck in a dangerous and negligent manner in one or more of the following ways:

    a) operated the Semi Truck at a speed too great for conditions prevailing;

    b) failed to ensure the roadway was clear before switching lanes;

    c) exceeded a safe speed for the present road conditions;

    d) failed to keep a proper lookout;

    e) followed the Plaintiffs' vehicle too closely;

    f) failed to avoid a collision with the vehicle operated by Plaintiff Heuglin;

    g) failed to slow or stop the Semi Truck when danger to the Plaintiffs was imminent;

    h) struck the vehicle occupied by the Plaintiffs;

    i) failed to adhere to certain rules and regulations codified in 49 CFR 300, *et seq.*, including failing to reduce speed; and

j)   failed to properly maintain the Semi Truck, including but not limited to adequate brakes.

22. As a direct and proximate result of one or more of the foregoing acts of negligence, the Semi Truck operated by Defendant Presley, did violently collide with the vehicle driven by the Plaintiff, Mary E. Heuglin, and as a result thereof, the Plaintiffs did suffer the following past, present, and future loss and damage:

a)   bodily injury;

b)   pain and suffering;

c)   lost wages and injury to earning capacity;

d)   medical expenses; and

e)   disability or loss of normal life.

WHEREFORE, the Plaintiffs, Mary E. Heuglin and Andrea Ayres, pray for judgment against the Defendant, Presley, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and costs.

## COUNT II
### Negligence against La-Z-Boy Logistics, Inc.

23. The Plaintiffs hereby adopt and re-allege paragraphs 1-18 as though fully set forth herein.

24. At the same time and place, Defendant Presley was operating the Semi Truck under the authority and control of his employer or contractor, La-Z-Boy Logistics.

25. At said time and place, Defendant Presley was operating the Semi Truck with the consent of La-Z-Boy Logistics.

26. At said time and place, Defendant Presley was operating the Semi Truck in the course and scope of his employment with La-Z-Boy Logistics.

27. At said time and place, it was the duty of Defendant La-Z-Boy Logistics, by and through its agent or employee, Defendant Presley, to own, operate, maintain, and control the Semi Truck

4

in a manner so as not to negligently cause injury to persons lawfully on the public way, including the Plaintiffs, Mary E. Heuglin and Andrea Ayres.

28. Notwithstanding the foregoing duty, the Defendant, La-Z-Boy Logistics, by and through its agent or employee, Defendant Presley, did own, operate, maintain, and control the Semi Truck in a dangerous and negligent manner in one or more of the following ways:

   a)   operated the Semi Truck at a speed too great for conditions prevailing;

   b)   failed to ensure the roadway was clear before switching lanes;

   c)   exceeded a safe speed for the present road conditions;

   d)   failed to keep a proper lookout;

   e)   followed the Plaintiffs vehicle too closely;

   f)   failed to avoid a collision with the vehicle operated by Plaintiff Heuglin;

   g)   failed to slow or stop the Semi Truck when danger to the Plaintiffs was imminent;

   h)   struck the vehicle occupied by the Plaintiffs;

   i)   failed to adhere to certain rules and regulations codified in 49 CFR 300, *et seq.*, including failing to reduce speed; and

   j)   failed to properly maintain the Semi Truck, including but not limited to adequate brakes.

29. As a direct and proximate result of one or more of the foregoing acts of negligence, the Semi Truck operated by Defendant Presley in the course of his employment with Defendant La-Z-Boy Logistics, did violently collide with the vehicle driven by the Plaintiff, Mary E. Heuglin, and as a result thereof, the Plaintiffs did suffer the following past, present, and future loss and damage:

   f)   bodily injury;

   g)   pain and suffering;

    h)    lost wages and injury to earning capacity;

    i)    medical expenses; and

    j)    disability or loss of normal life.

WHEREFORE, the Plaintiffs, Mary E. Heuglin and Andrea Ayres, pray for judgment against the Defendant, La-Z-Boy Logistics, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and costs.

## COUNT III
### Direct Negligence against La-Z-Boy Logistics, Inc.

30. The Plaintiff hereby adopts and re-alleges paragraphs 1-18 as though fully set forth herein.

31. The Defendant, La-Z-Boy Logistics, had the duty to act reasonably in hiring, training, and retaining Defendant Presley to operate the Semi Truck.

32. The Defendant, La-Z-Boy Logistics, had the duty to promulgate and enforce rules and regulations to ensure its drivers, including Presley, and vehicles, including the Semi Truck, were reasonably safe and in compliance with all applicable state and federal laws.

33. Notwithstanding the foregoing duties, the Defendant, La-Z-Boy Logistics, did breach said duties in one or more of the following ways:

    a)    knew or should have known that Presley was unfit to operate the Semi Truck;

    b)    allowed Presley to operate the Semi Truck while in violation of applicable federal regulations at 49 CFR 300, *et seq.*;

    c)    did not take appropriate action in training Presley;

    d)    did not take appropriate action in disciplining or re-training Presley when it knew or should have known Presley failed to comply with various rules and regulations;

    e)    did not remove Presley from duties after it knew or should have known Presley was unfit for the job; and

f) did not provide supervision of Presley when necessary or reasonable to do so to ensure safety and compliance with applicable rules.

34. As direct and proximate result of one or more of the foregoing acts of negligence, the Semi Truck owned by Defendant La-Z-Boy Logistics and driven by Defendant Presley did violently collide with the vehicle occupied by the Plaintiffs, Mary E. Heuglin and Andrea Ayres, and as a result thereof, the Plaintiffs did suffer the following past, present, and future loss and damage:

a) bodily injury;

b) pain and suffering;

c) lost wages and earning capacity;

d) medical expenses; and

e) disability or loss of normal life.

WHEREFORE, the Plaintiffs, Mary E. Heuglin and Andrea Ayres, pray for judgment against the Defendant, La-Z-Boy Logistics, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and costs.

## COUNT IV
### Negligence against La-Z-Boy, Inc.

35. The Plaintiffs hereby adopt and re-allege paragraphs 1-18 as though fully set forth herein.

36. At the same time and place, Defendant Presley was operating the Semi Truck under the authority and control of his employer or contractor, La-Z-Boy.

37. At said time and place, Defendant Presley was operating the Semi Truck with the consent of La-Z-Boy.

38. At said time and place, Defendant Presley was operating the Semi Truck in the course and scope of his employment with La-Z-Boy.

39. At said time and place, it was the duty of Defendant La-Z-Boy, by and through its agent or employee, Defendnat Presley, to own, operate, maintain, and control the Semi Truck in a manner so as not to negligently cause injury to persons lawfully on the public way, including the Plaintiffs, Mary E. Heuglin and Andrea Ayres.

40. Notwithstanding the foregoing duty, the Defendant, La-Z-Boy, by and through its agent or employee, Defendant Presley, did own, operate, maintain, and control the Semi Truck in a dangerous and negligent manner in one or more of the following ways:

    a) operated the Semi Truck at a speed too great for conditions prevailing;

    b) failed to ensure the roadway was clear before switching lanes;

    c) exceeded a safe speed for the present road conditions;

    d) failed to keep a proper lookout;

    e) followed the Plaintiffs' vehicle too closely;

    f) failed to avoid a collision with the vehicle operated by Plaintiff Heuglin;

    g) failed to slow or stop the Semi Truck when danger to the Plaintiffs was imminent;

    h) struck the vehicle occupied by the Plaintiffs;

    i) failed to adhere to certain rules and regulations codified in 49 CFR 300, *et seq.*, including failing to reduce speed; and

    j) failed to properly maintain the Semi Truck, including but not limited to adequate brakes.

41. As a direct and proximate result of one or more of the foregoing acts of negligence, the Semi Truck operated by Defendant Presley in the course of his employment with Defendant La-Z-Boy, did violently collide with the vehicle driven by the Plaintiff, Mary E. Heuglin, and as a result thereof, the Plaintiffs did suffer the following past, present, and future loss and damage:

    a) bodily injury;

b)  pain and suffering;

c)  lost wages and injury to earning capacity;

d)  medical expenses; and

e)  disability or loss of normal life.

WHEREFORE, the Plaintiffs, Mary E. Heuglin and Andrea Ayres, pray for judgment against the Defendant, La-Z-Boy, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and costs.

## COUNT V
### Direct Negligence against La-Z-Boy, Inc.

42. The Plaintiff hereby adopts and re-alleges paragraphs 1-18 as though fully set forth herein.

43. The Defendant, La-Z-Boy, had the duty to act reasonably in hiring, training, and retaining Defendant Presley to operate the Semi Truck.

44. The Defendant, La-Z-Boy, had the duty to promulgate and enforce rules and regulations to ensure its drivers, including Presley, and vehicles, including the Semi Truck, were reasonably safe and in compliance with all applicable state and federal laws.

45. Notwithstanding the foregoing duties, the Defendant, La-Z-Boy, did breach said duties in one or more of the following ways:

a)  knew or should have known that Presley was unfit to operate the Semi Truck;

b)  allowed Presley to operate the Semi Truck while in violation of applicable federal regulations at 49 CFR 300, *et seq.*;

c)  did not take appropriate action in training Presley;

d)  did not take appropriate action in disciplining or re-training Presley when it knew or should have known Presley failed to comply with various rules and regulations;

      e)    did not remove Presley from duties after it knew or should have known Presley was unfit for the job; and

      f)    did not provide supervision of Presley when necessary or reasonable to do so to ensure safety and compliance with applicable rules.

46.    As direct and proximate result of one or more of the foregoing acts of negligence, the Semi Truck owned by Defendant La-Z-Boy and driven by Defendant Presley did violently collide with the vehicle occupied by the Plaintiffs, Mary E. Heuglin and Andrea Ayres, and as a result thereof, the Plaintiffs did suffer the following past, present, and future loss and damage:

a)    bodily injury;

b)    pain and suffering;

c)    lost wages and earning capacity;

d)    medical expenses; and

e)    disability or loss of normal life.

WHEREFORE, the Plaintiffs, Mary E. Heuglin and Andrea Ayres, pray for judgment against the Defendant, La-Z-Boy, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and costs.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby request a jury trial on all issues raised in this complaint.

Respectfully submitted,

**DIXIE LAW GROUP, PSC**

/s/ Justin B. May

_____

Justin B. May, Esq.
Lindsey Goetz, Esq.
4917 Dixie Highway
Suite L
Louisville, KY 40216
jmay@dixielawgroup.com
lgoetz@dixielawgroup.com
(502) 290-2397 - Telephone
(502) 449-9774 - Fax
*Counsel for Plaintiff*